# First Nat. Bank of Williamson, W. Va., v. Williamson et al.

March 14, 1939.

R. Monroe Fields, Judge.

J. J. MOORE for appellant.
BURKE & SANDERS for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing on original appeal and affirming on cross-appeal.

The appellee Mrs. Edna Williamson borrowed $5,400 from the First National Bank of Williamson, West Virginia, in December, 1924, and the note was renewed from time to time for several years. The last renewal note for $5,350 was dated March 24, 1933. On October 12, 1932, Mrs. Edna Williamson conveyed to her sister, Mrs. Ellen Williamson, all of her property except a life interest in one-third of the royalties from a coal lease of about 115 acres. This deed was not put to record until March 28, 1933. In January 1934, the bank obtained a default judgment on the note, and an execution was returned "no property found." Thereafter the bank brought an action to set aside the conveyance from Edna B. Williamson to her sister as a fraud upon a creditor. The bank had obtained an attachment lien on Mrs. Williamson's life interest in the coal royalties before the deed to her sister was recorded. In the suit by the bank to set aside the deed, Mrs. Williamson asked that the deed be reformed so as to convey her interest in the coal royalties. The circuit court refused to set aside the deed, and adjudged the reformation prayed for by Mrs. Williamson. The bank appealed, and this court held that it had acquired a lien on Mrs. Williamson's life interest in the coal royalties,

which could not be defeated by a decree of reformation, and the judgment to the extent that it did not recognize the rights of the bank in the royalties was reversed. First National Bank of Williamson v. Williamson, 273 Ky. 116, 115 S. W. (2d) 565. On the return of the case to the Pike circuit court, the bank moved that it be adjudged a prior lien on Mrs. Williamson's life interest in the coal royalties and that the master commissioner be directed to sell such interest or a sufficient amount thereof to satisfy the judgment debt. The court refused to order a sale of the attached property, but adjudged the bank a first and superior lien thereon, and directed that the royalties arising from the coal lease be collected by the commissioner and paid to the plaintiff until the balance due on its judgment is paid in full. It appears that $2,849.63 had been paid to the circuit clerk by the lessee and garnishee after the levy of the attachment, and $756.14 to W. W. Barrett, commissioner, and these sums were ordered paid to the bank and credited on its judgment. The bank has appealed, and the question presented is whether the circuit court erred in refusing to order a sale of the attached property to satisfy appellant's judgment. The appellee Ellen B. Williamson has been granted a cross-appeal on the question of costs.

The last judgment was entered June 9, 1938, and after applying thereon the money in the hands of the circuit clerk and the commissioner, there remained due and unpaid approximately $3,500. It appears that Mrs. Williamson's share of the royalties, if they are paid at the same rate as during the last two or three years, will be sufficient to pay off the judgment in about two years from its date. We know of no rule authorizing a court to postpone the enforcement, by sale of the attached property, of a judgment in which the attachment is sustained. Section 229 of the Civil Code of Practice, which is a part of the article on attachments, reads as follows:

"If judgment be rendered for the plaintiff, the court shall apply in satisfaction thereof—

"1. Money first applied. Moneys arising from property sold pending the litigation.

"2. Proceeds garnisheed. Proceeds of the debts and funds attached in the hands of the garnishee.

"If these be not sufficient to satisfy the plaintiff's claim, the court shall order a sale, by the

sheriff, of any other attached property which may be under its control in the following order:

"1. Sale of personal property. Personal property.

"2. Sale of real property. Real property, or so much thereof as may be necessary to satisfy the plaintiff's claim."

Under this statute, it is the duty of the court to order a sale of the attached property when the judgment is rendered for the plaintiff. No discretion is left with the court unless it be in a case in which the interest of the debtor would be sacrificed by a sale of the property, and the rights of the plaintiff would not be prejudiced by a postponement. Here the rights of the plaintiff under its judgment would cease upon the death of Mrs. Williamson, and it assumes the risk of losing the benefit of the judgment if a sale is postponed. Under the circumstances, it is entitled to an order of sale of the attached property in order that it may realize the value of its lien. The primary purpose of the attachment law is that attached property shall be subjected to the satisfaction of the debt, and section 229 of the Civil Code of Practice provides for the accomplishment of that result

The appellee Ellen B. Williamson, on her cross-appeal, complains because the defendants in the action to set aside the deed from Edna B. Williamson to Ellen B. Williamson were required to pay the cost of that action. While the plaintiff in that action did not succeed in establishing all of its claims, it did succeed, in effect, in accomplishing the purpose of the action by having its attachment lien adjudged valid. We think the court properly assessed the costs.

The judgment is reversed on the original appeal, with directions to order the attached property sold, and affirmed on the cross-appeal.